The National City Bank of New York, Plaintiff and Appellant, *v.* Francisco de la Torre et al., Defendants and Appellees.

No. 5884. Argued February 1, 1933.—Decided July 29, 1933.

*E. F. Fiddler* and *Jorge Morales* for appellant. *J. Martínez Dávila, J. Ramírez Santibáñez,* and *R. Martínez Nadal* for appellee De la Torre. *L. Llorens Torres* and *O'Neill & O'Neill* for appellee spouses O'Neill-De la Torre.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

The National City Bank of New York brought, in the District Court of San Juan, an action against Francisco and Mercedes de la Torre to recover on a promissory note for $10,398.38 which the defendants had subscribed as joint and solidary debtors, and in order to secure the effectiveness of any judgment that might be rendered, it moved that sufficient

property of the debtors to cover the said sum of $10,398.38 plus $3,000 as interest and costs be attached without filing an attachment bond, inasmuch as said promissory note had been acknowledge in a public deed, No. 32, executed on May 20, 1929.

The court granted the writ accordingly and, at plaintiff's request, the attachment was levied on the following property of one of the defendants, Francisco de la Torre: (*a*) house No. 18, on Norzagaray Street, San Juan; (*b*) an undivided two-thirds interest in house No. 114 on Luna Street, San Juan, (*c*) a mortgage credit amounting to $2,750, constituted by J. Martínez Dávila in favor of F. de la Torre, and (*d*) a mortgage credit for $20,000 reduced to $16,000 and constituted by H. L. Cochran in favor of F. de la Torre.

At this stage, the defendant F. de la Torre moved the court to reduce and limit the levy of the attachment. The plaintiff filed an answer opposing the motion, and the court set a day for hearing the same. At the hearing the parties appeared and offered their evidence, and the court decided the question in the manner set forth in an order dated October 7, 1931, from which we take the following extract:

"At the hearing of the motion, the defendant called the attention of the court to the fact that an unnecessary levy had been made on a $16,000 mortgage credit, which levy was causing him incalculable damages, and he asked that the attachment be limited to house No. 18 on Norzagaray Street, which is the same house marked No. 50 Cruz Street, and is valued for taxation purposes at $8,000, and is free from encumbrances, as it appears from a certificate issued by the Registrar of Property of San Juan; and to house No. 48 on Cruz Street, valued for taxation purposes at $5,960 and also free from encumbrances. According to the report of the expert for the plaintiff these two houses if attached together, can be valued at $14,000. That being so, these two houses would suffice to secure the sum claimed, but in order to give the plaintiff a margin of safety the undivided two-thirds interest in house No. 114 on Rafael Cordero Street, in this city, could also be attached. The latter property has a total value of $4,200 and is subject in its entirety to a mortgage for $2,000, which if deducted from said total value would leave a

net value of $1,466.66 to the undivided interest (*condominio*) held by the defendant. So that if the attachment is limited to the three properties described above, the plaintiff would hold under attachment property having a total value of $15,426.66, which covers in excess the sum claimed. But as the house No. 48 on Cruz Street has not been attached, the court decrees that an attachment be levied on said house No. 48 on Cruz Street of this city to the extent of $5,960, and upon such attachment being effected, the one levied on the other properties of the defendant shall be discharged, except as to the properties already mentioned, that is, house No. 18 on Norzagaray Street, the two-thirds undivided interest in house No. 114 on Luna Street, and house No. 48 on Cruz Street, all in this city.''

Feeling aggrieved by that decision, the plaintiff took an appeal, and has assigned in his brief five errors. The first two assignments are formulated thus: The court erred (1) in admitting, over the objection of the plaintiff, the documents presented by the defendant relating to a property not levied upon; and (2) in embracing in its order a property that had not been attached or even mentioned in the motion of the defendant to reduce the levy of the attachment. In its arguments under these assignments the plaintiff maintains that as said defendant in his motion had made no reference to a certain property not levied upon, to admit evidence in relation thereto was to permit a variance between the pleadings and the proof. It cites 10 R.C.L. 925 and 49 C. J. 804, and concludes that the court could not extend the attachment to the said property.

In our opinion, although it would have been more proper to make such mention in the motion of the defendant, the court did not err in acting as it did.

In Puerto Rico, according to the special law on the subject, approved in 1902, every person who shall bring an action for the fulfillment of any obligation ''may obtain an order from the court having cognizance of the suit providing that the proper measures be taken to secure the effectiveness of the judgment as the case may require it, should it be rendered in his favor.'' When, as in the instant case, the obligation

is for the payment of a sum of money, by the terms of said law the remedy shall consist "of the attachment of sufficient property of the debtor to cover the amount claimed."

The plaintiff therefore should resort to the court, which is the one empowered to decree the proper remedy, as section 14 of the act provides that: "All allegations made by either party in the course of the proceedings regarding the remedy, shall be substantiated, notifying the other party by means of a summons to appear before any of the judges, each party having then an opportunity to produce their proofs. The court shall immediately decide the question, but in no case shall the incidental questions interfere with the course of the proceedings in the principal question or suit. Not more than five days shall elapse between the time the summons is served, and the appearance of the parties at the hearing, which shall not be suspended for any reason."

The law itself designates the procedure to be followed as a "hearing" (*juicio verbal*), and, since the question submitted for decision was whether or not the attachment should remain in force as originally levied, the court was empowered to consider and pass upon all questions relating to that matter. Emphasis was laid upon the attachment of the mortgage credits and the one causing the defendant unnecessary difficulties, and any question tending to relieve the situation was pertinent and could be considered by the court. Moreover, the evidence adduced shows that the house in question was known to the plaintiff, and that a valuation thereof had been made by its expert, Mr. Graham. There was no surprise or prejudice.

The three other assignments are to the effect that the court erred in declaring that, according to the report of the expert, if houses No. 18 Norzagaray Street and No. 48 Cruz Street were levied upon together they could be valued at $14,000; in rendering the order appealed from, as the attached property was not sufficient; and in not dismissing the

motion on the ground that it had not been shown that the attachment as originally made was excessive.

It was sought to secure the sum of $13,398.38, from which $3,000 was estimated as interest and costs. Two houses and two mortgage credits were attached. The two houses were valued by the defendant, that on 18 Norzagaray Street at $12,000 and his two-thirds interest in house No. 114 Luna Street at $2,500, and by the expert for plaintiff, house No. 18 Norzagaray Street at $7,200, and that on 114 Luna Street at $4,200. The mortgage credits were valued by the plaintiff at $2,750 and $16,000, respectively. Therefore, according to the defendant, the value of the attached property amounted to more than $33,000, and according to evidence which may be regarded as accepted by the plaintiff itself, such value exceeded the sum of $25,000. And not only the value but also the character of the property attached was to be considered, there existing, moreover, a fact which can not be ignored and which perhaps inclined the district court to act as it did, namely, that the other defendant, Mrs. Mercedes de la Torre, has given as security for the debt sought to be recovered a mortgage on a parcel of land measuring 9,571 meters, situated in an urbanized section of the ward of Hato Rey, Río Piedras. We agree with the appellants that as a solidary obligation is involved, the creditor could bring suit against either one of the debtors for the entire amount of the debt, and would be entitled to attach the necessary property; but in the case at bar, the creditor sued both of the debtors and the court was taking the necessary steps to secure its credit, and it could take into consideration all the proper circumstances in order to do justice to the plaintiff without oppressing the defendant.

In construing the Act of 1902 on the matter, this court said in *Paz* v. *Bonet,* 31 P.R.R. 64, that the purpose of that law is "to secure the effectiveness of the judgment that may have been or may be rendered by taking into consideration the interests of both parties." The plaintiff must be given

some security, but the defendant must not be oppressed or subjected to unnecessary difficulties in the conduct of his business.

In view of the attendant circumstances, this was a case within the jurisdiction of the district court, and it has not been shown that it abused its discretion in ordering the discharge of the attachment as to the mortgage credits, although it is necessary to modify its decision because in our judgment, it should not have decreed, on its own motion, that the new house offered by the defendant to be substituted be attached unless so requested from the marshal by the interested party, that is, the plaintiff bank.

If the court was convinced that there were other properties that could be levied on, it could have entered an order granting the release sought and giving the plaintiff a reasonable time within which to take any step that it deem proper.

Now, as considerable time has elapsed since this case was decided, in the court below and the condition of the property may have changed, the order to be entered should give the plaintiff time to show that such is the fact, so that the court may take the necessary measures to secure its rights.

Therefore, the order appealed from must be modified to provide as follows: "Plaintiff is given until August 19, 1933, to move for the attachment of the house of the defendant, Francisco de la Torre, marked with No. 48 on Cruz Street in San Juan, in order to secure the effectiveness of any judgment that might be rendered in his favor in the instant case, and upon the levy of said attachment, or the lapse of said period regardless of such levy, the attachments levied on the mortgage credits constituted by H. L. Cochran and J. Martínez Dávila in favor of defendant Francisco de la Torre shall be discharged, and the plaintiff is hereby granted leave to show the court whether the condition of house No. 48 has changed unfavorably, and if so to apply for the proper remedy to secure its rights. The attachments levied on house No. 18 Norzagaray Street, and No. 50 Cruz Street, and on the

two-thirds interest in house No. 114 Luna Street, both in this city of San Juan, will remain in force."

So modified, the order appealed from will be affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.